HEATHER E. WILLIAMS, #122664
Federal Defender
MATTHEW LEMKE, D.C. Bar #1023347
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
KASEY NEWLEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00249-NONE |
|---|---|
| Plaintiff, | STIPULATION TO MODIFY TERM OF RELEASE; AND ORDER |
| vs. | |
| KASEY NEWLEN, | |
| Defendant. | |

The parties, through their respective counsel, Justin Gilio, Assistant United States Attorney, counsel for plaintiff, and Matthew Lemke, Assistant Federal Defender, counsel for Defendant Kasey Newlen, hereby move to modify Mr. Newlen's terms of supervision. After careful consideration, Mr. Newlen wishes to avail himself to the Delancey Street residential substance abuse program (the "Program"), located in San Francisco, California. Accordingly, in order to permit his travel, admission, and participation in the Program, the parties now request that Mr. Newlen's supervision be modified as follows:

1. Mr. Newlen is permitted to travel to the Northern District of California for the limited purpose of completing an assessment and applying for admittance to the Delancey Street residential substance abuse treatment program, located at 600 Embarcadero, San Francisco, CA 94107.

2. Provided Mr. Newlen is accepted, Mr. Newlen shall remain at the Program, where he shall reside and complete the 24-month treatment program.

///

During his participation in the Program, Mr. Newlen will remain subject to all terms and conditions of his supervised release previously ordered. If Mr. Newlen voluntarily leaves the Program at any time prior to completing the program, or if he is terminated from the Program for any reason, he is ordered to inform his supervision officer within 24 hours and follow that officer's instructions.

Respectfully submitted,
HEATHER E. WILLIAMS
Federal Defender

Date: February 7, 2020
/s/ *Matthew Lemke*
MATTHEW LEMKE
Assistant Federal Defender
Attorney for Defendant
KASEY NEWLEN

MCGREGOR W. SCOTT
United States Attorney

Date: February 7, 2020
/s/ *Justin Gilio*
JUSTIN GILIO
Assistant United States Attorney
Attorney for Plaintiff

**<u>ORDER</u>**

The court has consulted with the supervising probation officer regarding the parties' stipulation.[1] The court has serious concerns over whether the defendant can be expected to successfully complete the rigorous and demanding 24-month program at Delancey Street based upon his track record, particularly of late. Moreover, the court notes that a Supervised Release Violation Petition remains pending against the defendant. Nonetheless, pursuant to the parties' stipulation defendant Kasey Newlen's terms of supervision will hereby be modified so as to provide:

1. Mr. Newlen is permitted to travel to the Northern District of California for the limited purpose of completing an assessment and applying for admittance to the Delancey Street residential substance abuse treatment program, located at 600 Embarcadero, San Francisco, CA 94107.

2. Provided Mr. Newlen is accepted, Mr. Newlen shall remain at the Program, where he shall reside and complete the 24-month treatment program.

3. If Mr. Newlen voluntarily leaves the Program at any time prior to completing the program, or if he is terminated from the Program for any reason, he is ordered to inform his supervision officer immediately, and under no circumstances more than **12 hours** after any such departure or termination, and follow that officer's instructions.

The March 9, 2020 status conference before Magistrate Judge Thurston will remain on calendar. If, and only if, the defendant is residing at Delancey Street at that time, his appearance at that status conference is waived.

IT IS SO ORDERED.

Dated: **February 11, 2020**   _____
UNITED STATES DISTRICT JUDGE

---

[1] Both counsel are advised that the court expects them to consult with the supervising probation officer before stipulating to a modification of the terms of supervised release or probation and to reflect the probation officer's position with respect to the proposed modification in any stipulation submitted to the court. Any failure to do so in the future will result in the court's rejection of the stipulation without prejudice.